■ Robert Frank et al., Respondents, v Wesco Distribution, Inc., Appellant. [892 NYS2d 348]—

Although plaintiffs were both the sons-in-law of the seller of Liberty, the electrical supply and distribution company which sold its assets and goodwill to defendant Wesco, plaintiffs owned no shares or interest in Liberty, and therefore an incidental covenant not to compete was not applicable to plaintiffs (*see generally Purchasing Assoc. v Weitz*, 13 NY2d 267, 271 [1963]). Moreover, plaintiffs demonstrated that the noncompetition clauses in their employment agreements with Wesco were not likely to be enforceable because they imposed restrictions greater than those required for the protection of Wesco's limited interest (*see BDO Seidman v Hirshberg*, 93 NY2d 382 [1999]). Furthermore, enforcement was likely unnecessary to prevent the disclosure or use of trade secrets or confidential customer information (*see Reed, Roberts Assoc. v Strauman*, 40 NY2d 303, 307-308 [1976]). In light of plaintiffs' showing that they would continue to be prohibited from working in New York City's electrical supply and distribution industry should the noncompetition clauses be

642

enforced, the motion court properly granted plaintiffs' motion for a preliminary injunction. Concur—Sweeny, J.P., Catterson, Renwick, Freedman and Abdus-Salaam, JJ.